IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VARANGON CORPORATION, d/b/a<br>VARANGON ACADEMY,<br><br>　　　Plaintiff,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br>INC. and OPTUMHEALTH<br>BEHAVIORAL SOLUTIONS, INC.,<br><br>　　　Defendants. | §§§§§§§§§§§§ | Civil Action No. 5:13-cv-01263-D |

## DEFENDANTS' ANSWER

Defendants, United Behavioral Health and OptumHealth Behavioral Solutions, Inc., n/k/a United Behavioral Health ("United") (collectively, "Defendants"), file this answer to Plaintiff's Petition (the "Petition"), and respectfully state:

## PARTIES

1.　　Admit the allegations contained in Paragraph no. 1, on information and belief.

2.　　With respect to the allegations contained in Paragraph no. 2, admit United is a California corporation with its principal of business in San Francisco, California; admit United does business in Oklahoma; and deny the remaining allegations contained therein.

3.　　With respect to the allegations contained in Paragraph no. 3, state that Defendant OptumHealth Behavioral Solutions, Inc. does not exist and was merged into United Behavioral Health on July 2, 2010; state that prior to such merger, OptumHealth

Behavioral Solutions, Inc. was a Delaware corporation; and deny the remaining allegations contained therein.

4.    With respect to the allegations contained in Paragraph no. 4, admit jurisdiction and venue are proper in federal court, but deny liability herein; and deny the remaining allegations contained therein.

## STATEMENT OF FACTS

5.    Admit the allegations contained in Paragraph no. 5, on information and belief.

6.    Admit the allegations contained in Paragraph no. 6, on information and belief.

7.    With respect to the allegations contained in Paragraph no. 7, state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny same.

8.    With respect to the allegations contained in Paragraph no. 8, state that the procedures for providing and seeking reimbursement for medical services for enrollees in Oklahoma's Medicaid Program, SoonerCare, are set forth in the Oklahoma Health Care Authority's ("OHCA") Billing & Procedure Manual (available at www.okhca.org), which speaks for itself; and deny the remaining allegations contained therein.

9.    With respect to the allegations contained in Paragraph no. 9, state that the procedures for providing and seeking reimbursement for residential mental health services for enrollees in Oklahoma's Medicaid Program, SoonerCare, are set forth in the OHCA's Billing & Procedure Manual (available at www.okhca.org), which speaks for

itself; and deny the remaining allegations contained therein.

10. With respect to the allegations contained in Paragraph no. 10, admit that United and OHCA entered into a contract (the "Contract") under which United agreed to provide for the delivery of behavioral health prior authorizations and certain other administrative and utilization management services to OHCA in connection with Oklahoma's Medicaid Program, SoonerCare; admit that the Contract speaks for itself; and deny the remaining allegations contained therein.

11. With respect to the allegations in Paragraph no. 11, state that any information provided by OHCA to Plaintiff and/or other medical providers speaks for itself; and deny the remaining allegations contained therein.

12. Deny the allegations contained in Paragraph no. 12.

13. With respect to the allegations contained in Paragraph no. 13, admit the Contract terminated effective December 30, 2011; and deny the remaining allegations contained therein.

14. With respect to the allegations contained in Paragraph no. 14, state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny same.

15. Deny the allegations contained in Paragraph no. 15.

16. With respect to the allegations contained in Paragraph no. 16, state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny same.

17. Deny the allegations contained in Paragraph no. 17.

18. Deny the allegations contained in Paragraph no. 18.

19. Deny the allegations contained in the Prayer or that Plaintiff is entitled to any of the relief requested therein.

20. Deny all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

21. Plaintiff's claims are barred, in whole or in part, inasmuch as Plaintiff's Petition fails to state sufficient facts to constitute a cause of action against Defendants.

22. Plaintiff's claims are barred, in whole or in part, by lack of standing.

23. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or waiver.

24. Plaintiff's claims are barred, in whole or in part, under the doctrine of statute of frauds and/or the parol evidence rule.

25. Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment, release, and/or assumption of the risk.

26. Plaintiff's claims are barred, in whole or in part, by the lack of any legally cognizable duty being owed to Plaintiff by Defendants.

27. Plaintiff's claims are barred, in whole or in part, by the doctrines of comparative and/or contributory negligence.

28. Plaintiff's claims are barred, in whole or in part, as Plaintiff's damages, if any, were due to and proximately caused by the sole negligence of Plaintiff and/or others.

29. Plaintiff's claims are barred, in whole or in part, by the negligence and/or

conduct of Plaintiff and/or other parties, which constituted the sole proximate and/or concurring, superseding, and/or intervening cause of Plaintiff's alleged damages, if any.

30. Plaintiff's claims are barred, in whole or in part, as no acts or omissions on the part of Defendants were the proximate cause or cause in fact of some or all of the damages allegedly suffered by Plaintiff (the existence of such damages being denied).

31. Plaintiff's claims are barred, in whole or in part, as Plaintiff's damages, if any, were caused by third parties over whom Defendants have no control/right of control.

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility/comparative responsibility. Any recovery by Plaintiff must be reduced by a percentage equal to its percentage of responsibility.

33. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or laches.

34. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages, if any.

35. The assessment of punitive or exemplary damages violates the United States and Oklahoma Constitutions, Oklahoma statutes, due process rights under the Fifth and Fourteenth Amendments, and the prohibition against excessive fines, as well as the United States Supreme Court decision of *State Farm v. Campbell,* 123 S.Ct. 1513 (2003).

36. Defendants reserve the right to assert additional defenses as discovery progresses in this case.

## **PRAYER**

37. Defendants request the following relief:

    (a)     That Plaintiff take nothing by reason of its suit;

    (b)     That Defendants be dismissed with their costs; and

    (c)     That Defendants have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: December 18, 2013            Respectfully submitted,

By: /s/ Christopher A. Barrow
      Christopher A. Barrow
      Oklahoma Bar No. 20027
      cbarrow@barrowgrimm.com

**BARROW & GRIMM**
110 West 7th Street, Suite 900
Tulsa, Oklahoma 74119-1044
Telephone (918) 584-1600
Facsimile (918) 585-2444

Andrew G. Jubinsky, *pro hac vice to be filed*
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Ryan K. McComber, *pro hac vice to be filed*
Texas Bar No. 24041428
ryan.mccomber@figdav.com
**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

- Michael N. Brown
  mnb@abowitzlaw.com

I further certify that on the 18th day of December, 2013, I served a true and correct copy of the above and foregoing instrument by certified mail, return receipt requested, with proper postage fully prepaid thereon, on the following, who is/are not (a) registered participant(s) of the ECF System:

    None

                                       /s/ Christopher A. Barrow
                                       Christopher A. Barrow